UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA HERNANDEZ ORTIZ,<br>Petitioner,<br>v.<br>POLLY KAISER, et al.,<br>Respondents. | No. 1:25-cv-01807 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner was, at the time she filed this case, a federal immigration detainee proceeding through counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241. The petition raised, *inter alia*, raising a Fifth Amendment procedural due process challenge (Count Two) to her re-detention without a pre-deprivation hearing and continued detention by Immigration and Customs Enforcement ("ICE"). After granting a preliminary injunction in favor of Petitioner, the assigned District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 17.

## I. Factual and Procedural History

The assigned District Judge ordered, by way of a preliminary injunction, Petitioner's release and that Petitioner not be re-detained by immigration officials absent certain constitutional protections. ECF No. 17. After the assigned District Judge referred the matter, the undersigned directed the parties to "submit any additional briefs on the merits, or any stipulation as to how this

petition should be resolved, within 14 days from the date of this order. Following expiration of the deadline set herein, the § 2241 petition will be deemed submitted on the papers pursuant to Local Rule 230(*l*)." ECF No. 18. Neither party filed a response to the Court's order.

**II. Analysis**

For the reasons indicated in the Court's orders granting a temporary restraining order (ECF No. 12) and preliminary injunction (ECF No. 17), which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that Petitioner's § 2241 application be granted based on the violation of Petitioner's Fifth Amendment right to procedural due process (Count Two). See Diaz v. Wofford, No. 1:25-cv-01079-JLT-EPG, 2025 WL 2581575 (E.D. Cal. Sept. 5, 2025); Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021 (N.D. Cal. 2025).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment procedural due process claim only (Count Two).

2. The Court deny the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

3. The preliminary injunctive relief previously granted be made permanent.

4. All pending motions, if any, be denied as moot.

5. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE